**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52576**

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>JOSHUA PAUL NORTON,<br><br>        Defendant-Appellant. | )<br>)  **Filed:  March 9, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order revoking probation and ordering execution of sentence without reduction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joshua Paul Norton pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Norton to a unified term of five years, with a minimum period of confinement of two years and retained jurisdiction.[1] This sentence was ordered to run concurrently with Norton's

_____

[1] The judgment of conviction originally stated that Norton was sentenced to a unified term of seven years, with a minimum period of confinement of two years. In its subsequent order suspending the sentence after retained jurisdiction, the district court stated that the previous sentence was "stated incorrectly" on the judgment due to clerical error and corrected Norton's sentence to a unified term of five years, with a minimum period of confinement of two years.

1

sentence in another case. After the period of retained jurisdiction, the district court suspended the sentence and placed Norton on probation for five years. Subsequently, Norton admitted to violating the terms of probation. At the disposition hearing, Norton requested the district court reduce his sentence and commute the case to credit for time served, which the district court denied. The district court revoked Norton's probation and ordered execution of the original sentence. Norton appeals, arguing that, when it revoked probation, the district court abused its discretion when it denied his request to reduce his sentence.

The district court has inherent power to reduce a sentence during a term of probation. *State v. Brown*, 170 Idaho 439, 446, 511 P.3d 859, 866 (2022). A request for reduction of sentence is addressed to the sound discretion of the district court. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in denying Norton's verbal motion for reduction of sentence. Therefore, the district court's order revoking probation and executing Norton's sentence without reduction is affirmed.